UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JERI FISCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:08-cv-0396-WTL-TAB |
| vs. | ) | |
| | ) | |
| LIFE INSURANCE COMPANY OF NORTH | ) | |
| AMERICA and EMPLOYEE LONG TERM | ) | |
| DISABILITY PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

**I.      Introduction.**

In April 2005, Plaintiff's treating physician determined that Plaintiff was physically

disabled from her job as a Learning and Development Specialist with State Farm Mutual

Automobile Insurance Company.  She was insured under an ERISA long-term disability

insurance plan through her employer, which was administered by Defendant Life Insurance

Company of North America ("LINA").  In its role as plan administrator, LINA was responsible

for both claims determination and payment on claims.  After LINA denied her disability claim,

she instituted the present lawsuit.

In August 2008, Plaintiff served LINA with a number of discovery requests.  These

requests sought information related to the identities and compensation of LINA's employees and

other third-parties responsible for reviewing and denying her claim; information regarding

LINA's policies and procedures; statistics regarding approval/denial/termination rates under her

insurance plan; and LINA's financial information.  LINA objected to many of these requests, and

for others provided information the Plaintiff considered to be inadequate.  Plaintiff then filed the motion to compel [Docket No. 25] that is now before the Court.

**II.     Discussion.**

The issues raised by Plaintiff's motion to compel are: (a) whether an ERISA plaintiff is entitled to discovery against the plan administrator in light of *Met. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008), and if so, (b) the proper scope of that discovery.

**A.       Is Plaintiff Entitled to Discovery Under *Glenn*?**

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the Supreme Court established that claims arising from the denial of benefits under an ERISA plan are to be reviewed *de novo*, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  In such cases, reviewing courts are nonetheless required to consider whether an ERISA fiduciary is "operating under a conflict of interest," and if so, to weigh that conflict as "a 'facto[r] in determining whether there [wa]s an abuse of discretion.'"  *Id.* (quoting Restatement (Second) of Trusts § 187, Comment d (1959)).

The Supreme Court recently reaffirmed this formulation in *Met. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2347-48 (2008), and further established that where an entity "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket," a conflict exists as a matter of law.  *Id.* at 2346.  Although the Court advised against the creation of "special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict," it did give guidance as to how such conflicts should be evaluated.  *Id.* at 2351.  First, it noted that any individual factor relevant under *Bruch*, including conflicts of

2

interest, "act[s] as a tiebreaker when the other factors are closely balanced, [with] the degree of

closeness necessary depending upon the tiebreaking factor's inherent or case-specific

importance." *Id*. Second, it noted that a conflict is rendered "more important (perhaps of great

importance) where circumstances suggest a higher likelihood that it affected the benefits

decision," and "less important (perhaps to the vanishing point) where the administrator has taken

active steps to reduce potential bias and to promote accuracy." *Id*.

Prior to *Glenn*, the Seventh Circuit Court of Appeals took the position that "discovery is

normally disfavored in the ERISA context," and is only available in "exceptional circumstances."

*Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 814-15 (7th Cir. 2006). Specifically, plaintiffs in

the Seventh Circuit have been permitted "limited discovery," under the 'abuse of discretion'

standard of review only where they can both "identify a specific conflict of interest or instance of

misconduct," and "make a prima facie showing that there is good cause to believe limited

discovery will reveal a procedural defect in the plan administrator's determination." *Id*. at 815.

Other circuits have similarly limited discovery. *See, e.g.*, *Fought v. Unum Life Ins. Co. of Am.*,

379 F.3d 997, 1003 (10th Cir. 2004) ("[I]n reviewing a plan administrator's decision under the

arbitrary and capricious standard, 'the federal courts are limited to the 'administrative record'.'");

*Abromitis v. Continental Casualty Co.*, 261 F. Supp. 2d 388, 390-92 (W.D.N.C. 2003)

("[D]iscovery is necessarily limited in ERISA suits."), *aff'd,* 114 Fed. Appx. 57 (4th Cir. 2004).

In the months since *Glenn*, the federal courts have split over whether, and to what extent,

that decision has abrogated these special discovery rules in ERISA cases. Some courts have held

that *Glenn* "abrogated the limitations on discovery unique to ERISA cases." *Hogan-Cross v.*

*Metro Life Ins. Co.*, 568 F. Supp. 2d 410, 415 (S.D.N.Y. 2008). Others have concluded that

because *Glenn* was not a case about discovery, it has no impact on existing ERISA discovery schemes. *See, e..g.*, *Christie v. MBNA Group Long Term Disability Plan*, 2008 U.S. Dist. LEXIS 73835, at *4 to *5 (D. Me. Sept. 25, 2008). Still others have taken a middle path, concluding that *Glenn* permits some discovery related to the factors relevant to weighing a structural conflict, but disallows any discovery into the merits of a claim "absent serious procedural deficiencies." *Winterbauer v. Life Ins. Co. of N. Am.*, 2008 WL 4643942, at *6 (E.D. Mo. Oct. 20, 2008).

Even within the Seventh Circuit, district courts have reached different conclusions. In this district, Chief Judge Hamilton noted that *Semien*'s discovery limitations "appear to be superceded" by *Glenn*. *Gessling v. Group Long Term Disability Plan*, 2008 U.S. Dist. LEXIS 96623, at *3 (S.D. Ind. Nov. 26, 2008). He encouraged the plan to "come forward with any supplementary evidence it seeks to offer to show active steps taken to promote accuracy and reduce bias," and to subsequently confer with the plaintiff "to agree on relevant discovery." *Id.* at *4. In the Northern District of Illinois, Magistrate Judge Mason relied on *Semien* to reject a request for discovery into the extent of an administrator's conflict, relying particularly on *Semien*'s 'extraordinary circumstances' language. *Marszalek v. Marszalek*, 2008 U.S. Dist. Lexis 75319, at *6 to *9 (N.D. Ill. Aug. 26, 2008). And without addressing *Semien*, Magistrate Judge Hussmann concluded that limited discovery into a structural conflict is permissible only where the decision on the merits "is a close one." *Creasey v. Cigna Life Ins. Co. of N.Y.*, 2009 U.S. Dist. LEXIS 560, at *2 (S.D. Ind. Jan. 6, 2009).

Judge Hamilton's skepticism that *Semien* remains vital in light of *Glenn*'s holding appears well founded, and supports permitting Plaintiff to conduct discovery. But even if some vestige of *Semien* remains, it is within this Court's discretion to permit discovery here. *Glenn* teaches that

4

structural conflicts constitute a conflict of interest under *Bruch* as a matter of law, and that such conflicts may be of "great importance" in determining whether a conflicted plan administrator has abused its discretion. *Glenn*, 128 S. Ct. at 2346, 2351. As a result, such conflicts satisfy *Semien*'s prerequisites as a matter of law.

While there may be merit in permitting discovery only once a case has been deemed sufficiently close on the merits, *Glenn* states that "the degree of closeness necessary depend[s] upon the tiebreaking factor's inherent or case-specific importance." *Glenn*, 128 S. Ct. at 2351. Furthermore, the merits of ERISA cases are usually considered under cross motions for summary judgment, and the administrative record has historically provided little information into the case-specific importance of the structural conflict. Requiring a plaintiff to survive such a motion before permitting discovery puts the cart before horse, and runs counter to Fed. R. Civ. P. 56(f)(2), which permits discovery into facts essential to the motion.

LINA's reliance on *Gutta v. Standard Select Trust Ins. Plans*, 285 Fed. Appx. 302 (7th Cir. Aug. 8, 2008), is misplaced. In *Gutta*, the Seventh Circuit merely declared that *Glenn* did not change rules for determining the standard of review, and did not require a different result under the particular facts of that case. *Id*. at 302. Having previously examined the merits, the court was able to determine that the factors under *Bruch* were not sufficiently close for the structural conflict to have been determinative. *Id*. at 303. More important, *Gutta* did not discuss the issue of permissible discovery in ERISA cases.

For these reasons, Plaintiff is entitled to discovery under *Glenn.*

**B.      What is the Proper Scope of Plaintiff's Discovery?**

Having determined that ERISA plaintiffs are entitled to at least some discovery into the

structural conflicts of their plan administrators, the Court next addresses the proper scope of that discovery.  In doing so, the Court is guided by the Supreme Court's decision in *Glenn*, the Seventh Circuit's lingering admonition in *Semien*, and the post-*Glenn* practice of other district courts.

First, *Glenn* makes clear that the presence of such a conflict does not change the deferential standard of review due to ERISA plan administrators.  *Glenn*, 128 S. Ct. at 2350.  Second, while the continued vitality of *Semien* is in question, this Court cannot ignore its admonition that discovery should remain limited even in the presence of a conflict.  *Semien*, 436 F.3d at 814-15.  As a result, "absent serious procedural deficiencies, discovery into the substantive merits of a claim remains off limits."  *Winterbauer v. Life Ins. Co. of N. Am.*, 2008 WL 4643942 (E.D. Mo. Oct. 20, 2008).

*Glenn* did, however, provide some guidance as to what evidence is relevant to exploring a structural conflict.  At a minimum, courts were directed to concern themselves with evidence indicating "a history of biased claims administration," or "steps [taken] to reduce potential bias and to promote accuracy."  128 S. Ct. at 2351.  Central to that inquiry is evidence related to a plaintiff's ERISA plan's policies and procedures, and an administrator's adherence to those policies and procedures.  ERISA plan administrators serve in a position akin to a trustee, and owe their plan holders a fiduciary obligation.  *Bruch*, 489 U.S. at 113.  Accordingly, it is permissible to require them, in the case of a structural conflict, to respond to their fiduciaries' discovery targeted at examining their loyalty.

This approach is reflected in the discovery granted by those courts that have concluded that *Glenn* has impacted ERISA discovery.  Other district courts have permitted discovery into

the financial incentives that might exist to deny a plaintiff's claim.  In *Winterbauer*, 2008 WL 4643942, at *4 to *5, Magistrate Judge Noce set forth the following helpful collection of cases on this point:  *Sanders v. Unum Life Ins. Co. of N. Am.*, 2008 WL 4493043, at *4 (E.D. Ark. Oct. 2, 2008) (permitting discovery relating to any financial incentives anyone might have had to deny plaintiff's claim); *Achorn v. Prudential Ins. Co. of Am.*, 2008 WL 4427159, at *6 (D.Me. Sept. 25, 2008) (permitting discovery of, among other things, the amount and rate of compensation paid to third-party firms that reviewed plaintiff's claim for benefits); *Burgio v. Prudential Life Ins. Co. of Am.*, 253 F.R.D. 219, 234 (E.D.N.Y. Sept. 24, 2008) (allowing one deposition, and permitting discovery of, among other things, information relating to the compensation or awards paid to individuals involved in the denial of plaintiff's claim for benefits); *Myers v. Prudential Ins. Co. of Am.*, 581 F. Supp. 2d 904, 914-15 (E.D. Tenn. Sept. 22, 2008) (expressing an inclination to permit discovery of bonus or reward programs for employees reviewing disability claims, the identity of a physician's employer, and the financial relationship between that employer and the plan administrator); *Hogan-Cross v. Metro. Life Ins. Co.*, 568 F. Supp. 2d 410, 414 (S.D.N.Y. 2008) (permitting discovery relating to the compensation paid to employees and outside consultants involved in denying plaintiff's claim for benefits).

In the case at bar, Plaintiff seeks to compel LINA to answer 12 interrogatories. Interrogatories 1 to 6 involve information related to the identities, compensation and relationship of individuals who were responsible for reviewing and denying Plaintiff's claim to LINA. Interrogatories 7 to 11 involve statistical information regarding the approval/denial/termination of benefits under Plaintiff's insurance plan.  Interrogatory 13 relates to the claims payment history for employees of State Farm (where Plaintiff worked) since 2003.

Plaintiff additionally seeks to compel responses to 19 requests for production. Requests 2 and 5 relate to underwriting materials for Plaintiff's claim and her plan generally. Request 6 relates to plan procedures and the training of employees. Requests 9-11 relate to the relationship between LINA and third-party reviewers. Request 14 relates to employee compensation structures. Requests 18-20 relate to statistics regarding approval/denial/termination rates. Requests 23 and 24 relate to steps LINA has taken to ensure the accuracy of its benefits decisions.

Each of the above categories is reasonably related to the Plaintiff's desire to explore LINA's claims review process, and to satisfy herself that LINA has not allowed its own financial self-interest to interfere with its obligation to review her claim accurately. LINA's objections to many of these items as being related to the protection of privacy interests or proprietary information is understandable. However, rather than deny production entirely, it is more appropriate to require a protective order where appropriate.

However, some of Plaintiff's discovery requests go too far afield. Notably, requests for production related to LINA's personnel files (12 and 13), and those relating to its financial information (15 to 17, 21 and 22). LINA's personnel files and financial information, in addition to being particularly sensitive, are less connected to the conflicts analysis. Furthermore, to the extent that any discovery information could be garnered from these sources, that information should in large part already be provided in response to the production the Court has permitted.

**III.   Conclusion.**

For the foregoing reasons, Plaintiff's motion to compel [Docket No. 25] is granted in part and denied in part.  Within 20 days, LINA shall respond to interrogatories 1-11, and 13, and requests for production 2, 5, 6, 9-11, 14, 18-20, 23, 24.  LINA may seek an appropriate protective order in connection with these discovery responses.  Plaintiff's request to compel responses to interrogatories 12, 14, and 15 and requests for production 12, 13, 15-17, 21, and 22 are denied.

Dated:  03/19/2009

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Jennifer Jay Kalas
HINSHAW & CULBERTSON
jkalas@hinshawlaw.com

James D. Masur II
ROBERT W. YORK & ASSOCIATES
jmasur@york-law.com

Renee J. Mortimer
HINSHAW & CULBERTSON
rmortimer@hinshawlaw.com

Daniel Keenan Ryan
HINSHAW & CULBERTSON
dryan@hinshawlaw.com